IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT G. MOORE, 402576           *

v.           *    CIVIL ACTION NO. JKB-14-375

UNITED STATES OF AMERICA, *et al*.     *
*******

MEMORANDUM

In this action titled as a "maritime tort claim," Robert G. Moore ("Moore"), an inmate housed in the Maryland Division of Correction, alleges that Maryland was without jurisdiction to prosecute him at his state court criminal proceedings.[1] Moore names a number of state court judges, criminal prosecutors, and attorneys as parties. ECF No. 1.

The language used in the complaint is consistent with the "'flesh and blood'[2] or the 'sovereign man defense'"[3] colloquially named for the distinction professed by adherents between the accused named in the indictment and the "flesh and blood" person of the defendant himself. These arguments are not novel in this court. *See, e.g., United States v. Mitchell,* 405 F. Supp. 2d 602, 603–05 (D. Md. 2005) (discussing the origin and characteristics of these beliefs). Because he appears

---

[1] The state court docket shows that Moore was convicted of conspiracy to commit first-degree murder, first-degree murder, use of a handgun in the commission of a crime (4 counts), and attempted first-degree murder (4 counts) in the Circuit Court for Baltimore City on November 15, 2013. *See State v. Moore*, Criminal Number 112132009 (Circuit Court for Baltimore City). The case is currently on appeal before the Court of Special Appeals of Maryland. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[2] One of Moore's allegations echo the basic tenets of the "flesh and blood" defense, i.e., a name spelled in upper and lower case, such as Robert G. Moore, is indicative of a flesh and blood man, a natural person. On the other hand, a name spelled in all caps, such as ROBERT G. MOORE, is indicative of an artificial person.

[3] A growing number of prisoners adhere to a "flesh and blood" sovereign man philosophy. Such a defense has been repeatedly rejected and has been viewed by this circuit as a "self-defeating legal strategy." *See United States v. Jenkins,* 311 F. App'x. 655, 656 (4th Cir. 2009).

indigent, Moore's motion for leave to proceed in forma pauperis shall be granted. To the extent that Moore is attacking his ongoing criminal case, his action is construed as containing habeas corpus claims under 28 U.S.C. § 2241.

A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-10 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979). None of those special circumstances exists here. Moore has not exhausted his state court remedies. Further, assuming, without deciding, that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state appeal by means of a § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this court.

To the extent Moore intended to file a tort action his case is also subject to dismissal. A court is not obliged to ferret through a complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Federal Rule of Civil Procedure 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d

1210 (Table), 1988 WL 9621, at *1 (4th Cir. 1988) (unpublished). Although district courts have a duty to construe self-represented pleadings liberally, Moore must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The instant complaint does not comply with the requirements of Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1), which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct." The bizarre legal analysis and legal conclusions render the complaint incomprehensible. It does not provide this court or any potential defendants "fair notice" of the claims and facts upon which they are based.

In light of the foregoing, this case shall be dismissed. A separate Order follows.

DATED this 12th day of February, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

3